**REDERI AB CERES, as owner of MS CARINA, Libelant,**

v.

**BOSTON TOW BOAT COMPANY, D. F. Callahan and Burton H. Eddy, Respondents.**

No. 61–41.

United States District Court
D. Massachusetts.

May 2, 1962.

Leo F. Glynn, Boston, Mass., for plaintiff.

John O. Parker, Boston, Mass., Seymour Edgerton, Robert Hallisey, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a libel by Rederi AB Ceres, as owner of the M.S. Carina, against Boston Tow Boat Company, D. F. Callahan, an employee of Boston Tow Boat Company, and Burton H. Eddy, a Harbor Pilot, seeking to recover money damages allegedly suffered by the M.S. Carina when she touched bottom after undocking from Boston & Albany Railroad Pier No. 4, heading to sea, on November 3, 1959.

The libel alleges that Callahan went aboard the vessel to conduct the undocking and that Eddy went aboard to pilot her to sea after she was undocked. It further alleges that after the commencement of the undocking the M.S. Carina, using both her engines and the assistance of tugs, moved astern, turned to starboard, and moved down stream; that Callahan then left the vessel in the control of the respondent Eddy and that shortly thereafter she touched bottom, suffering damage. It is further alleged that the grounding and resultant damage was not caused by any negligence on the part of libelant or its employees, but was caused by the negligence of the respondents Callahan and Eddy, in that Callahan "maneuvered the Carina so as to permit her to near a shoal spot which she could not avoid" and "failed to maneuver the vessel so as to keep her in water deep enough for her draft, such waters * * * being available, the location of which he knew or should have known," and in that Eddy "failed to direct the course of the sway from shoal water, the location of which he knew or should have known."

Exceptions to the libel were filed by the respondents Boston Tow Boat Company and D. F. Callahan, on the ground that the libel "shows on its face that neither of the respondents had control of the navigation of the vessel at the time of the alleged grounding." These exceptions have been argued and briefed by proctors for the parties. While it is true, as stated in the exceptions, that neither of the respondents had control of the navigation of the vessel at the time of the alleged grounding, the respondents' exceptions must, nevertheless, be overruled because the libel clearly alleges negligence on the part of the respondents in placing the Carina in a position of unavoidable danger immediately before the grounding. The libel states a cause of action in charging Callahan with placing the vessel in a precarious position from which she could not thereafter be extricated without damage. See The Graebner, 66 F.Supp. 456 (E.D.N.Y. 1946).

Exceptions overruled.